James TAYLOR, Plaintiff–Appellant,

v.

**LOCAL 32E SERVICE EMPLOYEES INTERNATIONAL UNION, Defendant–Appellee.**

**Docket No. 03–9126.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2004.

Scott Korenbaum, Law Office of Scott Korenbaum, New York, N.Y. (Leonard Buddington, Jr., Mount Vernon, NY, for Appellant, of counsel).

Jodi P. Goldman, Office of the General Counsel, SEIU Local 32BJ, AFL–CIO, New York, NY, for Appellees.

PRESENT: KEARSE, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant James Taylor appeals from a September 30, 2003, order of the United States District Court for the Southern District of New York (William C. Conner, *Judge* ) granting defendant's motion for summary judgment as to Taylor's claim that he was discharged in violation of Title VII of the Civil Rights Act of 1964. *Taylor v. Local 32E Service Employees International Union,* 286 F.Supp.2d 246 (S.D.N.Y.2003). The district court concluded that "Taylor has presented no evidence and this Court has found no evidence from which any rational factfinder could infer that Taylor was treated differently or was fired because of his race." *Id.* at 255. We agree.

Summary judgment is appropriate if the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Under the burden-shifting analysis in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which governs our analysis of this case, we conclude that Taylor sufficiently established a *prima facie* case of racial discrimination, but failed to provide sufficient evidence that the "legitimate, nondiscriminatory reason[s]" provided by the Local for Taylor's termination were a pretext for discrimination. *See id.* at 802–804. "[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515–516, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis in original).

Like the district court, we conclude that Taylor has not succeeded in providing evidence sufficient to permit an inference that the Local's reasons were false and that discrimination was the real reason. In attempting to provide evidence of discrimination, Taylor relies on his statement that, in contrast to his own experience, "two white males, Tony Formisano and Bruno Safare, were business agents in the New Rochelle office and were not fired." Taylor, however, provides no evidence that Formisano and Safare were "similarly situated." *Cf. Visco v. Community Health Plan,* 957 F.Supp. 381, 389 (N.D.N.Y. 1997). While Taylor need not show that he was similar to the two agents in all respects, he must show that they were similar "in all *material* respects." *Shumway v. United Parcel Service, Inc.,* 118 F.3d 60, 64 (2d Cir.1997) (emphasis supplied); *see also McGuinness v. Lincoln Hall,* 263 F.3d 49, 53–54 (2d Cir.2001). He has not done so.

We therefore conclude that the evidence presented by Taylor is insufficient to permit a rational factfinder to find that the Local's reasons for terminating Taylor were pretextual and that discrimination was the real motive.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.